IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TEXAS RENEGADE CONSTRUCTION** | § | |
| **COMPANY, INC.,** | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | Civil Action No. 4:11cv1730 |
| | § | |
| **HARTFORD LLOYD'S INSURANCE** | § | |
| **COMPANY**, | § | |
| *Defendant* | § | |

## HARTFORD LLOYD'S INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Hartford Lloyd's Insurance Company ("Hartford") files this Notice of Removal pursuant to 28 U.S.C. Sections 1441 and 1446, and would respectfully show the Court as follows:

## I. PROCEDURAL BACKGROUND

1. On March 31, 2011, Texas Renegade Construction Company, Inc. ("Plaintiff") filed Plaintiff's Original Petition and initiated an action identifying Hartford as a Defendant in the 334th Judicial District Court of Harris County, Texas, in Cause No. 2011-20119 (the "State Court Action").[1]

2. Plaintiffs' Original Petition and Citation were served upon Hartford via its registered agent on April 8, 2011. In response, Hartford timely filed its Original Answer on May 2, 2011.[2] Hartford filed its Verified Plea in Abatement, and Subject Thereto First Amended Answer, Special Exceptions and Affirmative Defenses on May 4, 2011.[3]

---

[1] Exhibit F, Plaintiff's Original Petition.
[2] Exhibit G, Hartford's Original Answer.
[3] Exhibit H, Hartford's Verified Plea in Abatement, and Subject Thereto First Amended Answer, Special Exceptions and Affirmative Defenses.

## II. NATURE OF THE SUIT

3.      This lawsuit involves an insurance coverage dispute regarding alleged damage to property and contents at the insured property located at 330 T.C. Jester Blvd., Houston, Texas 77007.  Plaintiff sought coverage under Hartford policy number 61 SBA VK6036.  Less than a month after notifying Hartford of the claim, Plaintiff brought suit for breach of the insurance contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), negligence and promissory estoppel.

4.      Pursuant to 28 U.S.C. Section 1446(b), this Notice of Removal is filed within the thirty-day statutory time period for removal.  Hartford files this Notice of Removal pursuant to 28 U.S.C. Section 1441(b), which permits removal based on diversity jurisdiction.  28 U.S.C. Section 1332 sets forth the factual predicate justifying the exercise of diversity jurisdiction.   Specifically, (1) an amount in controversy exceeding $75,000, and (2) diversity of citizenship.[4]

## III. BASIS FOR REMOVAL

5.      Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.[5]  The district courts of the United States have original jurisdiction over this action based on complete diversity, in that Hartford is and was at the time this action was commenced, diverse in citizenship from Plaintiff and is not a citizen of the State of Texas.

---

[4] 28 U.S.C. § 1332(a).
[5] 28 U.S.C. § 1441.

6.      Plaintiff Texas Renegade Construction Company, Inc. is a Texas for-profit corporation with its principal place of business in Harris County, Texas.[6]  Thus, upon information and belief, Plaintiff was at the time this suit was filed and is now a citizen of the State of Texas.

7.      Defendant Hartford is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.   A Lloyd's Plan is an unincorporated association of underwriters who sell insurance through an attorney-in-fact or other representative.[7]  The citizenship of a Lloyd's plan insurer, like all unincorporated associations, is determined by the citizenship of its members.[8]  Hartford's underwriters are citizens of the states of Connecticut, Massachusetts and Washington.[9]  Thus, Hartford is a citizen and resident of the states of Connecticut, Massachusetts and Washington for diversity purposes.[10]

8.      Removal is proper because, under 28 U.S.C. § 1332, the parties properly joined and served are now, and were at the time the lawsuit was filed, completely diverse in citizenship.[11]

9.      The amount in controversy at the time of removal, exclusive of interest and costs, exceeds $75,000.  When a Plaintiff's pleadings do not allege a specific amount of damages, the removing party must only prove by a preponderance of the evidence that

---

[6] Exhibit B, records from Texas Secretary of State indicating Texas Renegade Construction Company, Inc. is a domestic for-profit corporation.

[7] TEX. INS. CODE §§ 941.051-941.052; *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 572 n.1 (5th Cir. 2006); *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 511 U.S. 1032 (1994).

[8] *Royal Ins. Co. of Am.*, 3 F.3d at 882; *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *2 (S.D. Tex. Oct. 10, 2008); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).

[9] Exhibit C, affidavit of Terence Shields, filed with Hartford's Verified Plea in Abatement, and Subject Thereto First Amended Answer, Special Exceptions and Affirmative Defenses.

[10] *See Royal Ins. Co. of Am.*, 3 F.3d at 882.

[11] *See* 28 U.S.C. § 1441.

the amount in controversy exceeds $75,000.[12]   This burden may be satisfied by the removing defendant showing it is facially apparent the Plaintiffs' claims exceed the jurisdictional amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied.[13]   If the amount is not facially apparent, "a removing attorney may support federal jurisdiction by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."[14]

10.     Although Plaintiff did not plead the maximum amount of damages sought, it is facially apparent that Plaintiff's Petition suggests an amount in controversy in excess of $75,000.  Plaintiff has asserted causes of action for breach of the insurance contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act (DTPA), negligence and promissory estoppel.[15]   Plaintiff seeks actual damages, economic damages, exemplary damages, mental anguish damages, attorney's fees, pre-judgment and post-judgment interest and costs of suit.[16]   Plaintiff asserts that Hartford knowingly or intentionally engaged in deceptive practices under the Texas Insurance Code and the DTPA, either of which could result in a jury award of exemplary damages of three times the amount of actual damages.[17]   Plaintiff also seeks the 18% statutory penalty available under the Texas Insurance Code.   Attorney's fees and penalties are included as part of the amount in controversy.[18]   Plaintiff has not provided

---

[12] *See DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).
[13] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[14] *Id.* (citing *De Aguilar,* 11 F.3d at 58).
[15] Exhibit F, Plaintiff's Original Petition, pages 3-5.
[16] *Id.* at pages 5-7.
[17] TEX. INS. CODE § 541.152(b); TEX. BUS. & COMM. CODE § 17.50(b)(1).
[18] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000).

an estimate of the damages, but even if the actual damages are relatively low, exemplary damages, attorney's fees, interest, penalties and costs of court could easily add up to more than $75,000.

11.     Even if it is not facially apparent that the amount in controversy exceeds $75,000, additional facts support that conclusion.  Plaintiff alleges plumbing leaks caused damage to the building's foundation, walls, interior, paint, trim and doors.[19]  Plaintiff's counsel is not willing to stipulate that damages at the time of removal are less than $75,000.[20]   All of these factors indicate that the amount in controversy exceeds $75,000.[21]

12.     Because complete diversity exists among the parties, and because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332.  As such, this removal action is proper.

13.     Under 28 U.S.C. § 1441(a), venue of the removed action is proper in the United States District Court for the Southern District of Texas, Houston Division, as the district and division embracing the county in which the State Court Action is now pending.

14.     Defendant Hartford, as the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

---

[19] *Id*. at page 3.
[20] Exhibit D, affidavit of Robert G. Dees.
[21] See *Salinas v. Wal-Mart*, 2010 WL 5136106 at *4 (N.D.Tex. 2010) ("Moreover, Plaintiff refused to stipulate that the amount in controversy was less than $75,000 prior to removal, and the court can consider this fact."); *Cox v. Liberty Mutual*, 2011 WL 98374 at *3 (N.D.Tex. 2011) (Considering a refusal to stipulate as evidence of amount in controversy, along with other factors.)

15.     Pursuant to 28 U.S.C. § 1446(d), Hartford will promptly file a copy of this Notice of Removal with the Clerk of the 334th Judicial District Court of Harris County, Texas, where the action is currently pending.

16.     A true and correct copy of all process, pleadings, and all orders served upon Hartford in the State Court Action are hereby filed with this Notice of Removal as required by 28 U.S.C. § 1446(a).

17.     Hartford is the only defendant at this time, and therefore does not need the consent of any other parties for the removal of this action.[22]

18.     Moreover, pursuant to Southern District of Texas Local Rule 81, copies of the following documents are hereby provided to the clerk for filing in connection with the Notice of Removal:

(1)     An Index of Matters Being Filed (Exhibit A);
(2)     Records from the Texas Secretary of State (Exhibit B);
(3)     Affidavit of Terence Shields (Exhibit C);
(4)     Affidavit of Robert G. Dees (Exhibit D);
(5)     The docket sheet in the State Court Action (Exhibit E);
(6)     Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings:
    a.  Plaintiffs' Original Petition (Exhibit F);
    b.  Defendant Hartford's Original Answer (Exhibit G);
    c.  Defendant Hartford's Verified Plea in Abatement, and Subject Thereto First Amended Answer, Special Exceptions and Affirmative Defenses (Exhibit H)
(7)     All executed process in the case (Exhibit I);
(8)     All orders signed by the State Court Judge (None at this time); and
(9)     A list of all counsel of record, including addresses, telephone numbers and parties represented.

Because no orders have been issued by the State Court as of the date of filing this Notice, none have been attached.

---

[22] *See* 28 U.S.C. § 1446(a).

WHEREFORE, Defendant Hartford Lloyd's Insurance Company respectfully requests the above-entitled action be removed from the 334th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ Christopher W. Martin

**Christopher W. Martin**
State Bar No. 13057620
Federal I.D. No. 13515
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

ATTORNEY-IN-CHARGE FOR
HARTFORD LLOYD'S INSURANCE
COMPANY

OF COUNSEL:

**Robert G. Dees**
State Bar No. 05716430
Federal I.D. No. 13899
**Julie R. Kirkendall**
State Bar No. 24070062
Federal I.D. No. 1139374
808 Travis Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendant Hartford Lloyds Insurance Company's Notice of Removal has been sent via certified mail, return receipt requested on May 6, 2011 to:

K. Scott Brazil
Chad W. Dunn
4201 FM 1960 West, Suite 530
Houston, Texas 77068
Telephone:   (281) 580-6310
Facsimile:    (281) 580-6362

/s/ Robert G. Dees
Robert G. Dees

4100-0654
00601295.DOC